Opal CHAMPLIN and A. O. Champlin, Plaintiffs in Error,

v.

SINCLAIR OIL AND GAS COMPANY, A Corporation, J. B. Roberts, and Liberty Oil and Gas Company, A Corporation, Defendants in Error.

No. 38415.

Supreme Court of Oklahoma.

Sept. 15, 1959.

Ranel Hanson, Oklahoma City, for plaintiffs in error.

George Bingaman, Purcell, for defendant in error, J. B. Roberts.

Hopps & Erdberg, Oklahoma City, for defendant in error, Liberty Oil & Gas Co.

Angus A. Davidson, and Rex Short, Tulsa, for defendant in error, Sinclair Oil & Gas Co.

BLACKBIRD, Justice.

Plaintiffs in error, owners of an undivided ⅓rd interest in the oil, gas, and other

minerals, lying in and under a certain 80-acre tract of land in McClain County, Oklahoma, commenced this action as plaintiffs against the defendants in error, as defendants, to quiet their title against, and "nullify", or cancel, a certain Producers' 88 Oil and Gas Lease they executed and delivered to one of said defendants, J. B. Roberts, on June 19, 1948, covering their interest, and which is now held, as to various underground strata or depths by the two defendants, Sinclair Oil & Gas Company and Liberty Oil & Gas Company. The trial court sustained the three defendants' separate demurrers to plaintiffs' First Amended Petition and, upon plaintiffs' election to stand on said petition, entered judgment dismissing the action. Plaintiff herein seeks reversal of said judgment. Our continued reference to the parties will be by their trial court designations, or, in the case of the corporate defendants, to the first word of their corporate names.

Plaintiffs' complaints against the defendants, as set forth in the pleading in question, are divided into three so-called causes of action, denominated as: "First", "Alternate First", and "Second." The allegations under the "First" and "Alternate First Cause of Action" advert, for their basis, to a so-called "plant agreement", which the defendant, Sinclair, is alleged to have entered into with some other oil companies in 1947, more than 7 months before it procured from the defendant Roberts, its alleged agent, an assignment of the lease involved. According to plaintiffs' allegations, this "plant agreement" not only committed Sinclair and its assignee, Liberty, to selling gas from plaintiffs' mineral interests to the plant involved in said agreement, but it also committed them to furnish, or contribute, free of charge to said plant, a substantial percentage of gas produced from said interest. The pleading also alleged in substance, that the operation of said plant agreement would result in gas produced under said lease being sold at much less than the true market price thereof, without proper or just consideration to plaintiffs. Plaintiffs further alleged, among other things, in substance, that they "first confirmed that * * * sales of gas from the interests were committed under said plant agreement in January, 1957" and that had they known before entering into such lease with Roberts, that he was acquiring it for a company bound by such an agreement, they would not have executed and delivered said lease; "that such non-disclosure of these facts on the part of defendants was wilful and malicious and done with intent to deprive plaintiffs of performance" of the oil and gas lease's covenants. In their first alleged cause of action, plaintiffs admitted that they had received a cash bonus for the lease of $87.50 per acre and had "also received a further sum of $1.00 per acre annual delay rental each year said lease has been in effect"; but they represented their willingness and readiness to refund these amounts to defendants.

As their "Alternate First Cause Of Action", plaintiffs alleged in substance that the afore-mentioned "plant agreement" was in violation of the Constitution and Statutes of Oklahoma in that it has the effect of creating a monopoly in favor of Sinclair and the co-owners of said plant and tends to stifle competition in the area by eliminating fair competition for the purchasing of gas and/or gas distillate and tends to fix, for the gas covered thereby, a price below that paid by Sinclair and the co-owners of the plant for similar gas in other areas of Oklahoma. Plaintiffs further alleged that the so-called plant agreement is in violation of the rule against perpetuities.

For their "Second Cause Of Action", plaintiff re-alleged paragraphs 1–5, both inclusive, of their First Amended Petition and further alleged that on March 17, 1957, no oil or gas "was being produced from said land by the lessee." Plaintiffs' allegation that the lease expired of its own terms on that date was based upon a portion of the lease's "thereafter" provision, quoted in the petition as follows:

"ending March 17, 1957, or as long thereafter as oil, or gas, or either of them is produced from said land by the lessee."

Defendants' position that plaintiffs' First Amended Petition does not state sufficient facts to constitute a cause of action in their favor is based upon arguments set forth under "Propositions" numbered "2" to "8", inclusive. We find it unnecessary, however, to set forth, or deal with, all of these in detail, because, in our opinion, two of them mention unanswerable points which adequately demonstrate the correctness of the judgment appealed from.

 Under one of these—Proposition No. 4—defendants refer to the absence, in plaintiffs' pleadings, of any allegations showing that any oil or gas has ever been produced, or sold, under the lease and/or the complained of "plant agreement"; and, accordingly, that plaintiffs have yet, or ever certainly will be, in any way damaged by the making of the "plant agreement" before acquisition of the lease on plaintiffs' mineral interest. Defendants cite cases in support of their Proposition that "fraud, without damage or injury, is not remedial." We think the subject defect in plaintiffs' First Amended Petition is of even broader scope than charged by defendants. Here, the action is one primarily of equitable cognizance, just as was the first alleged cause of action in State ex rel. Commissioners of Land Office v. Cities Service Oil Co., Okl., 317 P.2d 722, whereby the plaintiff there sought cancellation of a division order. In that case we said plaintiffs' Third Amended Petition—the pleading there involved—did not demonstrate in what way, if at all, any provision of the division order had "yet harmed it." We reiterated the rule (at page 727) that it is essential to the statement of a cause of equitable cognizance to show that plaintiff has suffered substantial injury, or that such injury will occur, "if the court does not exercise its equitable powers." We also said that in the absence of such a showing, all the court in that case was asked to determine were *abstract* questions concerning the validity of certain provisions in the division order. We think the same conclusions arrived at concerning the division order in that case apply with equal force to the "plant agreement" referred to in the First Amended Petition in this case. As defendants very effectively argue, this pleading not only does not allege the existence of any production under the lease in question—for said agreement to apply to, or operate on—but, by alleging the payment of delay rentals under said lease every year of its life, strongly infers that there has never been any such production under the lease; nor is it shown that there ever will be. In view of the foregoing, we hold that plaintiffs' First Amended Petition does not state facts sufficient to entitle them to the equitable relief of lease-cancellation, or of quieting title against said lease, or those purchasing, and/or now holding, it.

 Nor do we think plaintiffs' "Second Cause Of Action" states sufficient facts, which, if true, entitle it to any such relief. Defendants point out that according to previous decisions of this court, such as Simons v. McDaniel, 154 Okl. 168, 7 P.2d 419, under a lease of the same type as the one involved here, the lessee may extend its term beyond the termination date specified therein by commencing the drilling of a well on or before that date, and, to hold the lease, it is not required to have obtained production by that date. At no place in plaintiffs' First Amended Petition is it alleged that no well has been commenced under said lease on or before March 17, 1957. As such commencement would have extended the lease past that date (if not abandoned) the allegation that no production had been obtained by that date was insufficient to support plaintiffs' asserted conclusion that the lease had expired under its specific terms.

As we have found the above considerations decisive of this appeal and sufficient to uphold the judgment appealed from, said judgment is hereby affirmed.